UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIPRENDA PAUDEL (A# 208-927-768),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-06949 TLN SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a citizen and national of Nepal who entered the United States without inspection on April 24, 2016. ECF No. 9-1 at 1 (Form I-213). After an encounter with Border Patrol agents, Petitioner was detained and subsequently released on $2,500 bond. ECF No. 9-3.

Immigration and Customs Enforcement ("ICE") took Petitioner into custody on October 9, 2025, following his arrest by local law enforcement for driving while intoxicating under Texas Penal Code § 49.04. Id. at 2; see also ECF No. 9-4 (cancellation of bond, Oct. 9, 2025). An immigration judge ("IJ") ordered Petitioner removed to Nepal on October 30, 2025. ECF No. 1 at 2. Petitioner waived his right to appeal the order. ECF No. 9-2 at 8. Petitioner is currently

detained in the California City Detention Facility within this judicial district. ECF No. 1 at 1.

Petitioner filed his petition on August 31, 2026, challenging his "unlawful prolonged detention." ECF No. 1 at 6-7. Petitioner states that ICE has not been able to generate a travel document during his detention and seeks immediate release. Id. Respondent asserts that Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(6) and that he has not demonstrated the absence of a significant likelihood of removal in the foreseeable future. ECF No. 9 at 2-3. ICE requested a travel document from Nepal on August 3, 2026, and Respondent expects it "will issue imminently" in accordance with Nepal's membership in the Convention on International Civil Aviation, which requires countries to issue a travel document within 30 days. Id. at 3; see also ECF No. 9-2 (Travel Document Request, Aug. 3, 2026).

**II. Legal Standards**

Petitioner's removal order became administratively final on October 30, 2025, when he waived appeal of the IJ's removal order. See 8 C.F.R. § 1003.39 ("[T]he decision of the [IJ] becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first[.]"); 8 C.F.R. § 1241.1(b) (order of removal becomes final "[u]pon waiver of appeal by the respondent"). There is no evidence that ICE released Petitioner on an Order of Supervision ("OSUP") after the expiration of the 90-day removal period. Therefore, his detention is governed by 8 U.S.C. § 1231(a)(6).

"[Section] 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). After this 90-day removal period has elapsed, ongoing detention is only authorized for "four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" Arteaga-Martinez, 596 U.S. at 578–79 (quoting 8 U.SC. § 1231(a)(6)).

The Supreme Court examined the constitutional limits of detention under 8 U.S.C. § 1231(a)(6) in Zadvydas v. Davis, 533 U.S. 678 (2001), describing as "obvious" the "serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite,

perhaps permanent, deprivation of human liberty without any" procedural "protection[s.]" 533 U.S. at 692. In order to avoid serious constitutional problems, Zadvydas read an implicit due process limitation into the immigration statute governing the detention of noncitizens subject to a final order of removal. The Supreme Court reasoned that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. As a result, "once [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish a uniform standard for determining when ongoing detention crosses constitutionally acceptable limits, the Court recognized a presumptively reasonable six-month period of detention. Id. at 701. If a noncitizen "provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

## III. Analysis

### A. Petitioner's Detention is Not Presumptively Reasonable

The undersigned liberally construes the petition as raising a Zadvydas challenge to Petitioner's allegedly indefinite detention. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe *pro se* habeas filings liberally"). Respondent does not dispute that the 90-day removal period has long expired. See ECF No. 9 at 3. Petitioner has now been detained more than eleven months. This exceeds the presumptively-reasonable six-month period set by the Supreme Court in Zadvydas.

### B. Significant Likelihood of Removal in the Reasonably Foreseeable Future

Petitioner has met his burden of establishing a "good reason to believe" that there is no significant likelihood of his removal in the reasonably foreseeable future. In his pro se petition, Petitioner points to the fact that ICE has not secured a travel document in eleven months (and counting) since his removal order became final, which far exceeds Zadvydas' presumptively reasonable period of detention. ECF No. 1 at 6-7. The burden then shifts to Respondent to rebut that showing. See Zadvydas, 533 U.S. at 701.

Respondent's sole evidence is an August 3, 2026, letter from Deportation Officer C.

Jerome to the Nepalese Embassy formally requesting a travel document for Petitioner. ECF No. 9-2 at 1-2. However, "[t]he mere submission of travel-document requests," without evidence that the country "has agreed to issue a travel document or that removal is scheduled or otherwise imminent, does not establish a significant likelihood of removal in the reasonably foreseeable future." Khan v. Blanche, No. 2:26-CV-02629-TLF, 2026 WL 2445148, at *3 (W.D. Wash. Aug. 20, 2026); see also Hoac v. Becerra, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) (request for travel document "does not make it significantly likely [petitioner] will be removed in the foreseeable future."); Nguyen v. Mullin, No. 26-CV-2815-JAO (JLB), 2026 WL 1480803, at *4 (S.D. Cal. May 26, 2026) ("The mere submission of a travel document request does not itself make removal reasonably likely.").

Respondent further argues that removal is imminent because of Nepal's membership in the Convention on International Civil Aviation, which mandates issuance of a travel document within 30 days. ECF No. 9 at 3. Although Respondent did not submit the Convention text for the Court's review, the August 3, 2026, letter includes relevant excerpts:

> 5.26 A Contracting State shall, when requested to provide travel documents to facilitate the return of one of its nationals, respond within a reasonable period of time and not more than 30 days after such a request was made either by issuing a travel document or by satisfying the requesting State that the person concerned is not one of its nationals.
>
> 5.27 A Contracting State shall not make the signing by the person concerned of an application for a travel document a prerequisite for the issuance of that document.
>
> 5.28 When a Contracting State has determined that a person for whom a travel document has been requested is one of its nationals but cannot issue a passport within 30 days of the request, the State shall issue an emergency travel document that attests to the nationality of the person concerned and that is valid for readmission to that State.
>
> 5.29 A Contracting State shall not refuse to issue a travel document to or otherwise thwart the return of one of its nationals by rendering that person stateless.

ECF No. 9-2 at 1. The undersigned is not persuaded that these provisions demonstrate the imminence of Petitioner's removal. For one, Respondent filed an answer on September 10, 2026, after the expiration of Nepal's 30-day deadline to issue a travel document under Article 5.26. Even assuming Nepal could not feasibly issue a document within the required 30-day period,

there is no evidence in the record that it has issued an "emergency travel document" pursuant to Article 5.28 of the Convention. Since submitting an answer, Respondent has not filed a "Notice of Changed Circumstances" in accordance with the Court's briefing schedule (ECF No. 7) indicating any change in circumstances, such as that Nepal has acted on ICE's request.

In sum, the undersigned cannot glean any sign of Nepal's intention to comply with the travel document request or the Convention on International Civil Aviation from Respondent's minimal showing. "At most, the Government has shown that there is at least some possibility that Nepal might accept Uprety at some point." Uprety v. Bondi, No. 2:25-CV-02443-JNW-MLP, 2026 WL 194227, at *3 (W.D. Wash. Jan. 26, 2026) (finding the petitioner's removal to Nepal was not reasonably foreseeable and granting § 2241 petition). Accordingly, Petitioner has sufficiently established that his removal is not reasonably foreseeable and that his ongoing detention is not reasonably necessary to secure his removal. See Zadvydas, 533 U.S. at 699–700. Therefore, the court recommends granting the § 2241petition on the petition's sole claim challenging Petitioner's unlawful, prolonged detention.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondent be directed to immediately release Petitioner DIPRENDA PAUDEL (A# 208-927-768) under conditions of supervision dictated by applicable statutes and regulations.

3. Respondent be directed to file a notice of compliance within three (3) days of any order adopting these findings and recommendations.

4. Respondent be prohibited from re-detaining Petitioner without first complying with 8 U.S.C. § 241.13(i) and any other applicable statutes and regulations.

5. The Clerk of the Court be directed to:

   a. Serve the California City Correctional Facility with a copy of any order of release; and

   b. Enter judgment in Petitioner's favor and close the case.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE